IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 18–cv–00623–MSK–KMT

EMI DUKE, and
BRIAN DUKE, natural parents of decedent Allen Duke, a single individual,

    Plaintiffs,

v.

BOBBY LEHMANN,

    Defendant.

---

# ORDER

---

This matter is before the court on "Defendant's Motion for Stay of Proceedings" (Doc. No. 10, filed April 9, 2018). Plaintiffs did not file a response.

Defendant seeks a stay of this action pending resolution of a criminal case in La Plata County, Colorado, District Court, related to the allegations in this civil action. (*See id.* at 2.) "The Constitution does not generally require a stay of civil proceedings pending the outcome of criminal proceedings, absent substantial prejudice to a party's rights." *Creative Consumer Concepts, Inc. v. Kreisler*, 563 F.3d 1070, 1080 (10th Cir. 2009) (citations omitted); *see also Ben Ezra Weinstein & Co., Inc. v. Am. Online, Inc.*, 206 F.3d 980, 987 (10th Cir. 2000) ("[w]hen applying for a stay, a party must demonstrate a clear case of hardship or inequity") (citations and internal quotations omitted). "When deciding whether the interests of justice seem to require a stay, the court must consider the extent to which a party's Fifth Amendment rights are implicated . . . . A defendant has no absolute right not to be forced to choose between testifying in a civil

matter and asserting his Fifth Amendment privilege." *Creative Consumer Concepts, Inc.*, 563 F.3d at 1080 (citations omitted). "A district court may also stay a civil proceeding in deference to a parallel criminal proceeding for other reasons, such as to prevent either party from taking advantage of broader civil discovery rights or to prevent the exposure of the criminal defense strategy to the prosecution." *Id.* at 1080–81.

Typically, courts consider the following factors "[w]hen exercising [their] discretion to stay a case in light of pending criminal matters":

> (1) the extent to which the issues in the criminal case overlap with those presented in the civil case; (2) the status of the [criminal] case, including whether the defendants have been indicted; (3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; (4) the private interests of and burden on the defendants; (5) the interests of the courts; and (6) the public interest.

*Auto–Owners Ins. Co. v. Next Generation Energy, LLC*, No. 14–cv–01580–REB–KLM, 2014 WL 7251678 at *2 (D. Colo. Dec. 19, 2014) (quoting *In re CFS–Related Securities Fraud Litigation*, 256 F. Supp. 2d 1227, 1236–37 (N.D. Okla. 2003)); *see also Brancato v. Panio*, No. 12–cv–02338–MSK–MEH, 2012 WL 6137472, at *2–*3 (D. Colo. Dec. 7, 2012) (weighing the same factors as set forth in *U.S. S.E.C. v. Trujillo*, No. 09–cv–00403–MSK–KMT, 2010 WL 2232388, at *2 (D. Colo. Jun. 1, 2010)).

The court finds the first factor weighs in favor of a stay. The first factor focuses on the question of "overlap" to determine whether the defendant's Fifth Amendment rights are or may be implicated. The court finds that the criminal charge of Careless Driving Causing Death overlaps with the allegations in this action. Thus, the court finds the criminal and civil actions here to be parallel for purposes of determining whether Defendant's Fifth Amendment rights are implicated. *See Creative Consumer Concepts, Inc*., 563 F.3d at 1080 (upholding a district

court's denial of a motion to stay civil proceedings pending a "parallel" criminal matter, finding "there was limited overlap between the issues and evidence in the civil and criminal trials").

Regarding the second factor, it is not disputed that the State of Colorado has filed a criminal complaint against Defendant and that the trial of the criminal matter is currently set for August 16, 2018. Thus, this factor also weighs heavily in favor of granting a stay.

Regarding the third and fourth factors, the court recognizes Plaintiffs have an interest in the "expeditious resolution" of their case. *Trustees of the Plumbers and Pipefitters Nat'l Pension Fund v. Transworld Mechanical, Inc.*, 886 F.Supp. 1134, 1134 (S.D.N.Y. 1995). However, Plaintiffs apparently do not oppose the motion for a stay of this action pending resolution of the criminal proceedings, and Defendant has a significant interest in "avoiding the quandary of choosing between waiving their Fifth Amendment rights or effectively forfeiting the civil case." *Transworld*, 886 F. Supp. at 1140. This important interest outweighs Plaintiffs' "legitimate interest in the expeditious resolution of their case." *Id.*

The fifth and sixth factors do not weigh strongly either for or against a stay. On the one hand, "[t]he Court has a strong interest in keeping litigation moving to conclusion without unnecessary delay." *In re CFS*, 256 F.Supp.2d at 1241. On the other hand, resolution of the criminal case may (1) increase the possibility of settlement of the civil case, and (2) "may reduce the scope of discovery in the civil case [as] the evidence gathered during the criminal prosecution can later be used in the civil action." *Transworld*, 886 F.Supp. at 1140. Additionally, "[b]ecause of the overlapping issues in the criminal and civil cases, the criminal prosecution will serve to advance the public interests at stake here." *Volmar Distributors, Inc. v. The New York Post Co., Inc.*, 152 F.R.D. 36, 40 (S.D.N.Y.1993).

Consideration of all six factors reveals that they weigh in favor of imposing a stay of the civil proceedings of this matter against Defendant pending resolution of his criminal case. Therefore, it is

**ORDERED** that "Defendant's Motion for Stay of Proceedings" (Doc. No. 10) is **GRANTED**. This action is **STAYED** in its entirety pending resolution of the criminal proceedings against Defendant Lehmann. Defendant shall file quarterly status reports, beginning June 30, 2018, and continuing until further order of the court, regarding the status of the criminal case against him.

Dated this 7th day of May, 2018.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge